**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SHATWAYLLA M. YOUMANS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 21-1381 (RC) |
| | : | |
| v. | : | Re Document Nos.: 7, 9 |
| | : | |
| FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**GRANTING DEFENDANT FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION'S MOTION TO DISMISS; DENYING WITHOUT PREJUDICE DEFENDANT GREYHOUND'S MOTION TO DISMISS; TRANSFERRING CASE TO THE SOUTHERN DISTRICT OF FLORIDA**

## I. INTRODUCTION

Plaintiff Shatwaylla M. Youmans, an Arizona resident, brings this *pro se* action against the Federal Motor Carrier Safety Administration ("FMCSA") and Greyhound Bus Inc. ("Greyhound"). Ms. Youmans claims, among other things, negligence against both Defendants that allegedly resulted in her physical injury. The FMCSA moves to dismiss Ms. Youmans's claim for lack of subject matter jurisdiction, improper party, expired statute of limitations, and improper venue. Greyhound moves to dismiss Ms. Youmans's claims for lack of personal jurisdiction, or alternatively, failure to state a claim. The Court has carefully considered the parties' briefs, applicable law, and the entire record herein. For the reasons that follow, Defendant FMCSA's motion to dismiss is **GRANTED**, Defendant Greyhound's motion to dismiss is **DENIED WITHOUT PREJUDICE**, and the case is **TRANSFERRED** to the Southern District of Florida.

## II. FACTUAL BACKGROUND

The facts are alleged as follows: On February 15, 2014, Ms. Youmans boarded a Greyhound bus at a bus station in Fort Lauderdale, Florida, with her child. *See* Compl. at 8, 29, ECF No. 1.[1] At the time, Greyhound was promoting an advertising campaign for the Harlem Globetrotters and an unspecified "innovative bus invention." *Id.* at 8. As passengers were boarding the bus, the Greyhound driver left the bus unattended, and an unidentified person entered the bus's cockpit. *Id.* at 11. As Ms. Youmans boarded the bus, the unidentified person adjusted the control board near the steering wheel and changed the boarding escalators into a "moving staircase," catapulting her into the air. *Id.* Ms. Youmans fell to the ground, injuring her back, skull, neck, and lay there unable to move until her cousin picked her up and helped her to her seat on the bus. *Id.* at 11–12. No ambulance was called for her; instead, the Greyhound driver entered the bus and began driving to the Greyhound Station in Orlando, Florida, without attending to her. *Id.* at 12–13. Upon arrival, Ms. Youmans filed a "deficiency report." *Id.* at 13. Thereafter, Ms. Youmans went to an emergency room in St. Augustine, Florida, where the Greyhound driver filled out an injury report on her behalf. *Id.*

Ms. Youmans alleges that FMCSA was negligent in failing to inspect the Greyhound terminal to ensure its safety, which she claims led to her injury, and that Greyhound was negligent under "general" and "premises liability" theories of negligence. Pl.'s Resp. Order Ct. ("Pl. Opp'n") at 3, ECF No. 11. The Complaint also alleges that FMCSA and Greyhound engaged in a conspiracy to perform medical experiments on her, kidnap her child, and traffic illicit drugs throughout Florida, Arizona, and Georgia. Compl. at 8, 13, 14, 16–19, 21. Ms.

[1] The Complaint does not contain page numbers. For ease of reference, when referring to this filing, the Court cites the page numbers designated by ECF.

Youmans claims that she filed several reports to the Department of Transportation ("DOT") and the Federal Trade Commission ("FTC"). *Id.* at 21.

Both Defendants move to dismiss. FMCSA asks the Court to dismiss Ms. Youmans's claim for lack of subject matter jurisdiction, improper party, expired statute of limitations, and improper venue. Def.'s Mem. Supp. Mot. Dismiss ("FMCSA Mot.") at 4–6, ECF No. 9-1. Greyhound seeks dismissal of Ms. Youmans's claims for lack of personal jurisdiction or, alternatively, failure to state a claim. Def.'s Mem. Supp. Mot. Dismiss ("Greyhound Mot.") at 1, ECF No. 7-1. The motions are now ripe for decision.

## III. LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a court to dismiss an action when the court lacks subject matter jurisdiction over a claim. Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction, and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). It is the plaintiff's burden to establish that the Court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Because subject matter jurisdiction focuses on the Court's power to hear a claim, the Court must give the plaintiff's factual allegations closer scrutiny than would be required for a Rule 12(b)(6) motion. *See Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001). Thus, the Court is not limited to the allegations contained in the Complaint. *See Wilderness Soc'y v. Griles*, 824 F.2d 4, 16 n.10 (D.C. Cir. 1987). Instead, "where necessary, the court may consider the complaint supplemented by undisputed facts

evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Once a court "determines that it lacks subject matter jurisdiction, it can proceed no further." *Verizon Washington, D.C., Inc. v. United States*, 254 F. Supp. 3d 208, 214 (D.D.C. 2017) (citing *Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997)).

Rule 12(b)(2) allows a court to dismiss an action when it lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). A federal court looks to the state's long-arm statute to determine whether there is a basis for exercising personal jurisdiction over a defendant. *See* Fed. R. Civ. P. 4(k)(1)(A); *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 455 (D.C. Cir. 1990). Personal jurisdiction may be satisfied by either specific or general jurisdiction. *Brit UW, Ltd. v. Manhattan Beachwear, LLC*, 235 F. Supp. 3d 48, 54 (D.D.C. 2017) (citing *D'Onofrio v. SFX Sports Grp., Inc.*, 534 F. Supp. 2d 86, 90 (D.D.C. 2008)). With respect to general jurisdiction, the inquiry is "whether [a] corporation's affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 138–39 (2014) (internal quotation marks and citation omitted). A corporation's "place of incorporation and principal place of business" are the "paradig[m] . . . bases for general jurisdiction." *Id.* at 137 (alterations in original; quotation marks and citation omitted).

With respect to specific jurisdiction, the Court must engage in a two-step analysis to determine: (1) whether jurisdiction is appropriate under the state's long-arm statute, and (2) whether notions of due process are satisfied by exercising jurisdiction over the non-resident. *See GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). Due process requires a plaintiff to demonstrate that the defendant has "minimum contacts with [the

forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). These contacts must be grounded in "some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws." *Asahi Metal Indus. v. Super. Ct. of Cal.*, 480 U.S. 102, 109 (1987) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). In addition, the suit must "arise out of or relate to the defendant's contacts." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021) (quotation marks and citation omitted). Put differently, "the defendant's conduct and connection with the forum state [must be] such that [it] should reasonably anticipate being haled into court there." *GTE*, 199 F.3d at 1347 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

The plaintiff bears the burden of establishing that a court has personal jurisdiction over the defendant. *See FC Inv. Grp. LC v. IFX Mkts., Ltd.*, 529 F.3d 1087, 1091 (D.C. Cir. 2008). "A plaintiff makes such a showing by alleging specific acts connecting the defendant with the forum . . . ." *Am. Action Network, Inc. v. Cater Am., LLC*, 983 F. Supp. 2d 112, 118 (D.D.C. 2013) (quoting *United States v. Phillips Morris, Inc.*, 116 F. Supp. 2d. 116, 121 (D.C. Cir. 2000)). In resolving a Rule 12(b)(2) motion, the Court may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts. *See id.* However, the Court must resolve any factual discrepancies with regard to establishing personal jurisdiction in favor of the plaintiff. *See Crane*, 894 F.2d at 456.

A *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97,

106 (1976)). But even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Additionally, the Court need not assume the role of advocate for a *pro se* plaintiff. *See Davis v. Kelly*, 160 F.3d 917, 922 (2d Cir. 1998) ("[A] court need not act as an advocate for pro se litigants . . . ."); *Sun v. D.C. Gov't*, 133 F. Supp. 3d 155, 168 n.6 (D.D.C. 2015) ("[I]t is not the Court's job to canvass the record for documents supporting a pro se party's position.").

## IV. ANALYSIS

### A. The Court Lacks Subject Matter Jurisdiction Over FMCSA

FMCSA moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, arguing that Ms. Youmans has failed to exhaust her administrative remedies pursuant to the Federal Tort Claims Act ("FTCA") before filing suit.[2] *See* FMCSA Mot. at 5 n.2. The Court agrees.

The FTCA operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain, but not all, tort claims. *See, e.g.*, *Richards v. United States*, 369 U.S. 1, 6 (1962). Thus, a claimant may file suit for claims of "personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). But "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies" by "present[ing] the claim to the appropriate [f]ederal agency" prior to filing a civil

[2] The Court encountered some difficulty in determining which statute underlies Ms. Youmans's action, given that the Complaint does not mention one. Because the Court must construe *pro se* complaints liberally, *see Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 150–52 (D.C. Cir. 2015); *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009), it will make generous inferences in identifying the appropriate cause of action for Ms. Youmans's claim.

action. *McNeil v. United States*, 508 U.S. 106, 111, 113 (1993) (second part quoting 28 U.S.C. § 2675(a)). In reviewing this presentment requirement, the Supreme Court has ruled that *pro se* litigants should be held to the same standard as litigants with counsel. *See McNeil*, 508 U.S. at 113. Moreover, under the law of this Circuit, "the FTCA's requirement of filing an administrative complaint with the appropriate agency prior to instituting an action [i]s jurisdictional." *See Simpkins*, 108 F.3d at 371; *see also Norton v. United States*, 530 F. Supp. 3d 1, 6 (D.D.C. 2021) (applying *Simpkins*); *Lamb v. Millennium Challenge Corp.*, No. 19-cv-589, 2021 WL 4439234, at *8 (D.D.C. Sept. 27, 2021) (same).

Here, because Ms. Youmans does not show, much less allege, that she filed an administrative claim with the FMCSA before filing this action, she has failed to exhaust her administrative remedies. *See generally* Compl.; Pl. Opp'n. FMCSA attached a declaration by its Assistant Chief Counsel for General Law attesting the agency has no record of a claim by Ms. Youmans. *See* FMCSA Mot. Ex. 1, Smith Decl. ¶ 3, ECF No. 9-2. At best, Ms. Youmans avers that "[s]everal (FTC) Federal Trade Commission complaints have been [filed] since the [incident]," and that she was "rejected on purpose [by the] Department of Transportation['s] [o]nline form." Pl. Opp'n at 16, 21. But Ms. Youmans does not state whether these claims were filed regarding her fall at the Greyhound station, or her various allegations of conspiracy by FMCSA and Greyhound. In either case, she has not established that a claim involving her fall was filed with the FMCSA or the DOT—the "appropriate [f]ederal agency." *McNeil*, 508 U.S. at 111. Accordingly, because failure to exhaust administrative remedies is jurisdictional, the

Court grants FMCSA's motion to dismiss Ms. Youmans's tort claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).[3]

**B. The Court Lacks Personal Jurisdiction Over Greyhound**

Greyhound moves to dismiss under Rule 12(b)(2) for lack of personal jurisdiction. *See* Greyhound Mot. at 3–7. Greyhound argues that this Court lacks general jurisdiction over it because "Greyhound is a company incorporated . . . [in] Delaware, with its principal place of business is in [sic] Texas." *Id.* at 5. Additionally, Greyhound argues that this Court lacks specific jurisdiction because "the events giving rise to [Ms. Youmans's] claims against Greyhound occurred in Florida and Arizona." *Id.* (quotation marks omitted). The Court agrees.

Although Ms. Youmans's *pro se* filings did not expressly raise grounds for establishing personal jurisdiction, the Court will make generous inferences in identifying relevant provisions of the D.C. long-arm statute. Under D.C. law, a court has general jurisdiction over a defendant who is "domiciled in, organized under the laws of, or maintaining his or its principal place of business in" the District of Columbia. D.C. Code § 13–422; *see also Daimler*, 571 U.S. at 137. Greyhound is incorporated in Delaware and has its principal place in Texas, Greyhound Mot. at 5, and nothing in the pleadings suggests that it has "continuous and systematic contacts with the

[3] The only proper defendant in an action brought under the FTCA is the United States. *See Davis v. United States*, 196 F. Supp. 3d 106, 110 n.2 (D.D.C. 2016) ("[T]he United States is the only proper defendant in an action under the FTCA."); *Johnson v. Veterans Affs. Med. Ctr.*, 133 F. Supp. 3d 10, 16 (D.D.C. 2015) ("FTCA suits 'must name the United States as defendant.'" (quoting *Goddard v. D.C. Redevelopment Land Agency*, 287 F.2d 343, 345–46 (D.C. Cir. 1961))). Even if a federal agency may sue and be sued in its own name, the FTCA bars direct claims against federal agencies. *See* 28 U.S.C. § 2679(a); *see also Cox v. Sec'y of Labor*, 739 F. Supp. 28, 29 (D.D.C. 1990) ("The FTCA directs that the exclusive remedy for tort claims is an action against the United States rather than against the individuals or the particular government agencies."). Accordingly, the Court lacks subject matter jurisdiction over Ms. Youmans's FMCSA claim because she may not bring claims directly against FMCSA pursuant to the FTCA. Therefore, if this matter were to proceed against the federal Defendant, the United States would have to be substituted as the appropriate defendant.

District of Columbia sufficient to impose general jurisdiction." *D'Onofrio*, 534 F. Supp. 2d at 90. Thus, the Court turns next to specific jurisdiction.

The District's specific jurisdiction long-arm statute provides, as relevant here, that "[a] District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's [1] transacting any business in the District of Columbia" or [2] "causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District . . . ." D.C. Code § 13–423(a)(1), (4).

Here, Ms. Youmans cannot avail herself of D.C.'s long-arm statute. The Court lacks specific jurisdiction under the "transacting business" provision because, assuming Greyhound does business in D.C., Ms. Youmans has failed to allege any facts that show her injury "arise[s] out of or relate[s]" such business, as the Due Process Clause requires. *Ford Motor Co.*, 141 S. Ct. at 1025 (quotation marks and citation omitted). Nor can Ms. Youmans rely on the "tortious injury" provision, because she has not alleged that Greyhound "cause[d] tortious injury *in* the District of Columbia," D.C. Code § 13–423(a)(4) (emphasis added), or that such injury "arise[s] out of or relate[s]" to Greyhound's contacts with D.C. *Ford Motor Co.*, 141 S. Ct. at 1025 (quotation marks and citation omitted).[4]

Finally, the Complaint alleges, in conclusory fashion, a conspiracy between FMCSA and Greyhound, but the pleading is insufficient to clear the personal jurisdiction threshold. *See*

[4] The Complaint also contains some discussion of Greyhound's advertisements promoting the Harlem Globetrotters and their "innovative bus invention." Compl. at 8. It is unclear whether these advertisements targeted D.C. at all, much less how Ms. Youmans's alleged injury—which occurred outside of D.C.—"arise[s] out of or relate[s]" to these advertisements. *Ford Motor Co.*, 141 S. Ct. at 1025 (quotation marks and citation omitted).

Compl. at 21. Conspiracy jurisdiction is "a form of long-arm jurisdiction in which the defendant's 'contact' with the forum consists of the acts of the defendant's co-conspirators within the forum." *Youming Jin v. Ministry of State Sec.*, 335 F. Supp. 2d 72, 78 (D.D.C. 2004) (quoting *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001)). This Court has held that "bare assertions" of conspiracy with D.C.-based defendants are not sufficient to establish personal jurisdiction, absent specific facts showing overt acts within the forum taken in furtherance of the conspiracy. *See, e.g.*, *Yi Tai Shao v. Roberts*, No. 18-cv-1233, 2019 WL 249855, at *7 (D.D.C. Jan. 17, 2019), *aff'd sub nom. Shao v. Roberts*, No. 19-5014, 2019 WL 3955710 (D.C. Cir. July 31, 2019).

Here, the Court reaches the same conclusion. Ms. Youmans has alleged that Greyhound and FMCSA—the D.C.-based defendant—have engaged in a common conspiracy to traffic her child, perform medical experiments on her, and traffic drugs, amongst other allegations. *See* Compl. at 21. Like the complaint in *Yi Tai Shao*, here, Ms. Youmans has simply listed a series of injuries, medical procedures, and juvenile proceedings against her child and concluded that Greyhound must have conspired with FMCSA to bring these events about. 2019 WL 249855, at *7; *see* Compl. at 21. These are "bare assertions" of conspiracy that fail to plead with any sufficient particularity any acts that occurred in the District of Columbia in furtherance of the conspiracy. *Yi Tai Shao*, 2019 WL 249855, at *7. Without any overt acts in the District of Columbia by Greyhound in furtherance of its alleged conspiracy with FMCSA, the purposeful availment requirement of specific jurisdiction is not satisfied. *Id*. Accordingly, here, personal jurisdiction is unavailable under a conspiracy theory. Moreover, in this Circuit, such fanciful claims can be disregarded as frivolous. *See Wells v. FCC*, No. 22-cv-193, 2022 WL 558192, at *1 (D.D.C. Feb. 22, 2022) ("[C]omplaints premised on fantastic or delusional scenarios . . . are

subject to dismissal as frivolous." (citations omitted)); *Best v. Kelly*, 39 F.3d 328, 330–31 (D.C. Cir. 1994) (court may dismiss "clearly fanciful claims" that suggest, for example, "bizarre conspiracy theories . . . [or] fantastic government manipulations of their will or mind").

In sum, the Court cannot exercise either general or specific personal jurisdiction over Greyhound. Although dismissal is appropriate, the Court has discretion to transfer this action *sua sponte* to cure lack of jurisdiction. *See* 28 U.S.C. § 1631; *Halim v. Donovan*, 951 F. Supp. 2d 201, 204 (D.D.C. 2013) ("[*S*]*ua sponte* transfers pursuant to 28 U.S.C. § 1631 are committed to the discretion of the District Court where no party has moved to transfer a case brought in the wrong jurisdiction." (quotation marks and citation omitted)); *see also Gather Workspaces LLC v. Gathering Spot, LLC*, No. 19-cv-2669, 2020 WL 6118439, at *10 (D.D.C. Oct. 16, 2020) ("[T]he law of this Circuit suggests that when a district court lacks personal jurisdiction over a case, transfer to a court where jurisdiction is proper is preferred, and perhaps even required, to dismissing the case."). Here, Ms. Youmans's claims against Greyhound could have properly been brought in the Southern District of Florida, because as far as the Court can tell, she alleges that her injury (or at least a significant part of it) occurred at the Greyhound bus stop in Fort Lauderdale, Florida. *See* Compl. at 11–12; Greyhound Mot. at 5–6 (admitting that Greyhound has "facilitates in Florida" and "the events giving rise to [Ms. Youmans's] 'claims' against Greyhound occurred in Florida"). The Court finds that it is in the interest of justice to transfer this *pro se* action and give a Florida court the opportunity to decide whether Ms. Youmans has stated a claim on which relief can be granted. *See Roseberry-Andrews v. Wilson*, 292 F. Supp. 3d 446, 457 (D.D.C. 2018) ("Courts have found that transfer is 'in the interest of justice' when, for example, the original action was misfiled by a *pro se* plaintiff . . . ." (citation omitted)). The

Court therefore dismisses Ms. Youmans's claim against the FMCSA and transfers the remainder of this action to the Southern District of Florida.

## V. CONCLUSION

For the foregoing reasons, FMCSA's motion to dismiss (ECF No. 9) is **GRANTED,** and Greyhound's motion to dismiss (ECF No. 7) is **DENIED WITHOUT PREJUDICE**. The Court will transfer this case to the Southern District of Florida. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: July 28, 2022

RUDOLPH CONTRERAS
United States District Judge